IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MOHAMMAD ABZAL,

        Plaintiff,

v.

CAROLYN COLVIN, Commissioner of
Social Security,

        Defendant.

Civil Action No.
6:13-CV-1551 (DEP)

---

APPEARANCES:

FOR PLAINTIFF

EMPIRE JUSTICE CENTER
119 Washington Ave.
2nd Floor
Albany, NY 12210

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN
United States Attorney for the
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

OF COUNSEL:

LOUISE M. TARANTINO, ESQ.

PETER W. JEWETT, ESQ.
Special Assistant U.S. Attorney

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on September 3, 2014 during a telephone conference, held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, with a directed finding of disability, for the purpose of calculating benefits owing to the plaintiff.

4) The clerk is directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated: September 4, 2014
Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------x
MOHAMMAD ABZAL,


vs.                                      13-CV-1551

COMMISSIONER OF SOCIAL SECURITY.
------------------------------------------------x
```

Transcript of *DECISION* held on September 3, 2014, at the James Hanley U.S. Courthouse, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, Presiding.

A P P E A R A N C E S

| | |
|---|---|
| For Plaintiff:<br>(Via Telephone) | EMPIRE JUSTICE CENTER - ALBANY<br>119 Washington Avenue<br>2nd Floor<br>Albany, New York 12210<br>  BY: LOUISE MARIE TARANTINO, ESQ. |
| For Defendant:<br>(Via Telephone) | SOCIAL SECURITY ADMINISTRATION<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza - Room 3904<br>New York, New York 10278<br>  BY: PETER W. JEWETT, ESQ. |

(In chambers, via telephone:)

THE COURT: All right. Well, again, I'd like to thank you for excellent presentations. This is an interesting case.

I have before me a request for judicial review under 42, United States Code, Section 405(g) of a Commissioner's determination rejecting plaintiff's claims for benefits, based on an ALJ's finding that the plaintiff was not disabled at the relevant times.

By way of background, the plaintiff was born in January of 1976 and is currently, if my math serves me correctly, 38 years old. He is originally from Afghanistan and later moved to Kyrgyzstan. He is orphaned. He came to the United States as a refugee in or about 2004. He has what could be described as the equivalent of a ninth grade education. He has experienced three known concussions. He lives alone in Utica.

It is true, as the Commissioner's counsel represented, that he worked from 2005 to 2008 in two jobs, assisted in finding those jobs and keeping them by the refugee center and people who assisted him in translation and transportation. He has a variety of physical ailments, including one kidney, GERD, and alleged head, back and knee pain.

Procedurally, the history is that he applied for

1    supplemental security income benefits in November of 2010

2    alleging an onset date of November 13, 2009.  A hearing was

3    conducted by ALJ Barry Ryan on May 24, 2012.  ALJ Ryan issued

4    a decision on September 10, 2012.  That decision became a

5    final determination of the agency when the Social Security

6    Administration Appeals Council denied review on October 25,

7    2012.

8           The administrative law judge's decision finds no

9    substantial gainful activity since November 1, 2010.  He

10   finds that plaintiff suffers from mild mental retardation at

11   step two but rejects various other ailments, conditions as

12   sufficiently severe at step two to qualify.

13           At step three, the ALJ reviews listings 12.05B, C

14   and D and concludes that the plaintiff does not meet those

15   listings, deeming the IQ testing of Dr. Tesak to be invalid.

16           Turning to D criteria, he concludes that plaintiff

17   suffers only mild limitations in the activities of daily

18   living, social functioning, and moderate limitation and

19   concentration, persistence and pace and concludes that he

20   also does not meet the criteria of 12.05D for that additional

21   reason.

22           The ALJ then concludes, after surveying the medical

23   records and evidence, that plaintiff retains the residual

24   functional capacity to perform a full range of work at all

25   exertional levels.  He has the ability on a sustained basis

1 to carry out, understand and remember simple instructions.
2 He responds appropriately to supervision, coworkers and usual
3 work situations, and can deal with changes in a routine work
4 setting.
5 Applying that RFC finding, plaintiff, according to
6 ALJ Ryan, is capable of performing his past relevant work as
7 a laborer and, so, at step four, he finds no disability.
8 He goes on to apply his RFC finding and relevant
9 characteristics to the Grid rules at step five, relying on
10 SSR 85-15, and concludes that the non-exertional limitations
11 experienced by the plaintiff do not have a significant effect
12 on the occupational job base on which unskilled work under
13 the Grids is based and concludes, also, at step five that a
14 finding of no disability is warranted.
15 The first issue surrounds -- well, my task, at
16 least initially, is to determine whether the Commissioner's
17 determination is supported by substantial evidence and
18 resulted from the application of the correct, legal
19 standards.  Substantial evidence is defined as such relevant
20 evidence as a reasonable mind might accept as adequate to
21 support a conclusion.
22 In my view, the Commissioner's determination -- and
23 the Commissioner concedes -- concerning whether or not
24 plaintiff can meet listing 12.05(B) is flawed.  12.05 has a
25 number of prongs.  Obviously A does not apply in this case.

1    B requires a valid verbal performance or full scale
2 IQ of 59 or less. Rule 12.00(D)(6)(c) clarifies that when
3 Wechsler series testing is involved in applying 12.05, the
4 lowest score can be utilized.
5    In this case, plaintiff was tested by Dr. Jennifer
6 Tesak in December of 2011 with an interpreter present. She
7 administered several tests, including the Wechsler Adult
8 Intelligence Scale-4th -- or WAIS-IV -- resulted in a full
9 scale IQ of 44, a verbal IQ of 50, and a nonverbal of 58.
10 All of those fall comfortably within 12.05B. That is at Page
11 422 of the administrative transcript. I'll note, also, that
12 Dr. Tesak assessed the GAF, or global assessment of
13 functioning, of 40 at Page 421, an extremely low GAF in the
14 Court's experience.
15    In terms of the reliability of these test scores,
16 Dr. Tesak expressed a 95 percent confidence rate, which means
17 that, with regard to the full scale IQ and also the verbal
18 comprehension, those two, even if you were at the high end of
19 the range, applying a 95 percent confidence rate would still
20 fall in the 59 or below range.
21    Of course, 12.05 also requires that a showing that
22 the plaintiff suffers from deficits in cognitive functioning.
23 The Second Circuit has made that clear in its decision in
24 *Talavera*, as well as this District's decision, Judge Sharpe's
25 decision in *Carpenter versus Commissioner of Social Security*.

1     In reviewing Dr. Tesak's report, which is extremely
2  thorough, there is no question that the plaintiff suffers
3  from substantial deficits in adaptive functioning.  In the
4  Court's view, the plaintiff clearly qualifies as disabled
5  under Section 12.05B.  I do not find evidence in the record
6  sufficient to challenge the validity of the IQ testing.
7     I believe that an argument can be made that
8  plaintiff also meets 12.05C.  Even if, as Dr. Tesak posits,
9  20 points were added to the IQ scores, that would put the
10 plaintiff, of course, in the 60 to 70 range, which would then
11 kick in 12.05C and 12.05D.
12    12.05C, the argument would be that the ALJ failed
13 to take into consideration the cumulative effects at step two
14 of plaintiff's various physical ailments.  However, if I were
15 to accept that argument and not find that 12.05B applies, I
16 would remand for further consideration and not for a directed
17 finding of disability.
18    Similarly, with regard to 12.05D, I think a strong
19 argument can be made, based on Dr. Tesak's report, that
20 plaintiff meets or medically equals D, as well, with marked
21 restrictions in daily living and in maintaining
22 concentration, persistence or pace.  Again, if I were to
23 conclude that that is the appropriate section, I would remand
24 for further consideration.
25    It's clear that when there is no persuasive proof

1  of disability, a remand is appropriate for further
2  proceedings.  However, where there is persuasive proof of
3  disability in the record and the further development of the
4  record would serve no useful purpose, the Court can remand
5  with a directed finding of disability.
6        In this case, I've reviewed a couple of cases that
7  deal with the type of situation that we have:  One, of
8  course, we've already discussed, which is the decision from
9  Judge D'Agostino in *Salem v. Colvin* and the second is a
10 decision from the Southern District in *Marmer v. Colvin*, not
11 reported but it can be found at 2014 Westlaw 1365471.  And,
12 interestingly, those cases involve IQ tests results that are
13 much higher than we find in this case, in the 60 to 70 range,
14 and not in the 40 range that we find here.  And I was
15 convinced by Judge Block's decision in *Marmer*, that a remand
16 with a directed finding of disability was appropriate in this
17 case.
18       I've reviewed carefully Dr. Tesak's report.  She
19 explains very clearly that these IQ test results, in her
20 view, are not skewed by the language barrier.  She reports
21 that other testing with nonverbal components confirmed the
22 deficits that this gentleman has that are reflected in the IQ
23 testing results.
24       So, I conclude the evidence persuasively
25 establishes disability in this case and I will, therefore,

1  grant judgment on the pleadings to the plaintiff and direct a
2  remand of the case to the Commissioner for the sole purpose
3  of calculation of benefits.
4      I appreciate both of your arguments were thorough
5  and you were well-prepared.  I will issue an order
6  memorializing this determining and attach a transcript to
7  this decision and I look forward to working with you both
8  again in the future.  Thank you.
9      MR. JEWETT:  Thank you, your Honor.
10     MS. TARANTINO:  Thank you, Judge Peebles.
11     (Proceedings were adjourned.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25

C E R T I F I C A T I O N

        I, DIANE S. MARTENS, Registered Professional Reporter, DO HEREBY CERTIFY that I attended the foregoing proceedings, took stenographic notes of the same, that the foregoing is a true and correct copy of same and the whole thereof.

*Diane Martens*
_____
DIANE S. MARTENS, FCRR